UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONARDO ZULUAGA MARTINEZ
    Petitioner

v.

PETITION FOR WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2254

**04-40006**

COMMONWEALTH OF MASSACHUSETTS
    Respondent

    Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to vacate a conviction of possession of heroin rendered against petitioner on March 8, 1999 under Docket No: 9721CR 1943 in Marlborough District Court, Locate in 45 Williams Street- Marlboro, Massachusetts 01756.

    The Petitioner says that the through the fundamental error occurred during the course of his criminal proceedings and error of law in conduction of his Jury Trial he was convicted against Evidences, Facts and law, in violation of the Constitution and Laws of the United States. (Fourth, fifth, Sixth and Fourteenth Amendment of the United States constitutions.

    Petitioner had exhausted the state remedies available to him as the Post-conviction Procedures as Motion to revise and Revoke under Massachusetts Rule Criminal Procedures 29 and also under Massachusetts Rule Criminal Procedures 30 which allows at any time follow the conviction to request release from unlawful restraint Commonwealth v. Ravenell, 415 Mass. 191. 193 (1993). Rule 30 provision consolidates the remedies that were formerly available through the **motion for new trial, writ of habeas corpus, and writ of error.** *See Commonwealth v. Sitko, 372 Mass. 305, 313-14 (1977); Commonwealth v. Amirault, 415 Mass. 112, 115-16 (1993).* Petitioner alleged the violation of his constitutional rights in the "State Conviction"; gave the State of Massachusetts the first opportunity to remedy state court errors and to protect the state's interest in finality of judgment. Although, Petitioner has made substantial shown of the denial of his Constitutionals Rights in the State Court Proceeding still "Circumstance exist" that render such process ineffective to protect his rights and justices not have been done. Petitioner's motions requested relief was denies without any explanation or judicious reasoning for the denial of such proceeding.

    The last resource Zuluaga have available to intended achieve justice is avenue of an Federal review in a Federal Court via Habeas Corpus pursuant to 28 U.S.C. § 2254, within which the State Court was held convicted and sentenced, to resolve his allegation that fundamental errors had occurred in his underlings criminals state proceedings.

    **Jurisdiction is proper in this Court under the express language of 28 U.S.C. § 2254** which states that ... "The Supreme Court a justice thereof a Circuit Judge or a District Court shall entertain an application on behalf of a person in custody... "Pursuant to judgement of a state

1

court' on the grounds that he is in illegal restrain or confinement by virtue of a violation of the Constitutional or law s or treaties of the United States." See *Irvin v Down, Ind, 1959, 79 S. Ct. 825; 359 U.S. 394.* Jurisdiction is also proper in this Court Pursuant to *Omosefunmi v. Attorney General of Commonwealth of Massachusetts 152 F. Supp. 2d 42, 2d 42, 2001 WL 793215 (D. Mass 2001)* held that Petitioner satisfied the "in custody" requirement for habeas statute where, because of his expired conviction the Immigration and Naturalization Service (INS) was attempting to deport him. Such attempts constitute a sufficient restraint on petitioner's liberty to satisfy the "in custody See *Hurtado v. Tucker*, 245 F.3d 7, 2001 WL 290343 at * 1 n. 2 (1st Cir. March 29, 2001).

Please note, as Petitioner in the instant petition, petitioner in *Omosefunmi* was held convicted and sentenced in Massachusetts. At the time he file his petition to the District Court of Massachusetts the INS was attempting to deport him because his expired conviction, and also he was in custody of the INS in Batavia, New York.

## GROUNDS

1) On November 21, 1997 the police accused Petitioner "Supposedly Sold Seven Bags of Heroin to an informant"

a) Petitioner pleads not guilty and went to trial on March 5 and 8, 1999.

b) The Sgt. Detective Stephen McCurley of the Marlborough Police Department officer and the investigation and arrested, reported, and testified at the trial under oath that "they did not find any drugs in Petitioner apartment or on his person". Moreover Sgt. McCurley said that they had a drug sniffing K-9 unit to search for narcotics, and the K9 unit search was done with negative results.

c) "The only heroin in the case, and as evidence at the trial against Petitioner were the 7 bags of heroin found in possession of informant", which supposedly he handed to police as evidence against Petitioner.

d) The Presiding Judge started Petitioner's trial on March 5, 1999 gave instructions to the jury about the rules of the law, and factors of the trial. "**The Judge said that the factor are distribution**", that the Petitioner was accused of distribution of heroin, and explained to the jury that distributing is when any individual had something in their possession and give it to another person(s).

e) At the Trial Petitioner was found **"Not Guilty"** of MFG. Distribution/ Dispensing Class A Substance (Heroin), C94C S32 "**Which was the fact of the trial**"

f) Petitioner was also found **"Not guilty"** of Control Substance Violation within 1000' of School, C94C S32J

g) Petitioner was found **"Guilty"** of Illegal Possession of A Class A Substance (heroin) C94C S34. "Conviction contrary to the evidence, facts and law". The court never has had any

amount of heroin in Petitioner possession as evidence to sustain the conviction of possession of heroin against him.

2) The charge of possession against Petitioner was a predicate from the charge of distribution. Therefore at the time the Jury found Petitioner Not Guilty of distribution of Heroin, the charges of possession, under evidence facts and law is diminished and nonexistence. Moreover Petitioner Found Not Guilty of Control Substance Violation within 1000' School Zone. (Petitioner was living Cross street of a School, about 200' )

3) The State Court, neither the Counsel for Petitioner did not informed to the Petitioner about his Right to appeal, and did not give any work paper to Petitioner.

4) Please note Petitioner never had available to attack the judgement "in custody" of Massachusetts, because Petitioner at the time of his conviction he was sentenced to time serves. So few minutes after petitioner's sentenced the (INS) took him under custody and sent him to Batavia, New York where he is currently in continued custody of the INS for more of 58 months. Petitioner hasn't any criminal record in the State of New York. Because of this expired conviction, the Immigration and Naturalization Service (INS) was attempting to deport him. This convictions entered in violation of the Constitution and Law of the United States, as well as his currently custody, which is a predicate of those convictions, which were resulted in decisions that were based on unreasonable determination contrary to fact in light of the evidence presented in the state court proceedings in violation of the Constitution and laws of the *United States. See O'Brien v. DuBois, 145 F. 3d 16,24 (1St Cir. 1998).* **However Zuluaga does not attack the validity of the removal proceeding itself, instead, he merely claims that the underlying convictions are unlawful, invalid, and unconstitutional.**

5) Petitioner currently custody is a direct consequence of this conviction and sentence under attack because on October 9, 1998 the congress provided the Mandatory Detention provision of the Illegal Immigration reform and responsibility Act of 1996 **(IIRIRA).** Which establish mandatory detention without bond for most criminals aliens including those with legal status, who are subject to removal proceedings because of criminal convictions and are **release after Oct 9, 1998**, Petitioner has been released on March 11, 1999 for this unlawful conviction.

6) When Petitioner became knowledgeable of the United States Constitution of how it applies and how it can protect any person from certain abuse of discretion, discrimination or abuse of power of the law or any injustice. Petitioner had exhausted his State Remedies were available to him, or attempted to exhausted those without avail. Although, Zuluaga has made substantial shown of the denial of his Constitutionals Rights in the State Court Proceeding still "Circumstance exist" that render such process ineffective to protect his rights and justices not have been done.

The grounds for this petition are set out more fully in the attached Memorandum of Law, which is hereby made part of this petition.

The Petitioner further says that because he is presently without counsel and has not had an opportunity to study the transcript of his trial, he respectfully reserves the right to amend his petition.

WHEREFORE: The Petitioner prays that:

1) The Court orders the preparation of a transcript of all the proceedings at the State Court free of charges for petitioner, who is indigent.

2) Wherefore, Petitioner prays that a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be issued directing that the judgement and sentence in this case be vacated, and Court orders that Petitioner be discharge from custody or other restraint of his liberty, as the Court may deem just and proper.

Dated January 9, 2004

Respectfully Submitted

*Leonardo Zuluaga my*
Leonardo Zuluaga Martinez # 90572172
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**LEONARDO ZULUAGA MARTINEZ**
    Petitioner

                                        Notice of Motion to Proceed
                                        As a Poor Person

v.                                           Index & Docket No

**COMMONWEALTH OF MASSACHUSETTS**

    Respondent

PLEASE TAKE NOTICE, that upon the annexed affidavit of Leonardo Zuluaga Martinez, sworn to on, January 9, 2004 and upon all the proceedings in this case, a motion will be made at a term of this court, for an order permitting plaintiff to pursue this action as a poor person, upon the ground that said plaintiff has insufficient income and property to enable him to pay the cost, fees, and expenses to pursue said action, and for such other and further relief is this Court may deem just and proper.

Dated: January 9, 2004

Signed: _____
Leonardo Zuluaga M.