**UNITED STAES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEONARDO ZULUAGA MARTINEZ
Petitioner

v.

Civil action No_____

COMMONWEALTH OF MASSACHUSETTS
Respondent

04-40006

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT 28 U.S.C. § 2254**

NOW COMES Leonardo Zuluaga M., the Petitioner on the above entitle Case and says as follows under pains and penalties of perjury.

**PRELIMINARY STATEMENT**

Petitioner seeks a relief to obtain an order of vacating of unlawful **conviction entered against him on March 8, 1999 under docket # 9721 CR 1943 in Marlborough District Court**. Because of his expired conviction the Immigration and Naturalization Service (INS) was attempting to deport him. Such attempts constitute a sufficient restraint on petitioner's liberty to satisfy the "in custody". See *Omosefunmi v. Attorney General of Commonwealth of Massachusetts* 152 F. Supp. 2d 42, 2d 42, 2001 WL 793215 (D. Mass 2001) citing *Hurtado v. Tucker*, 245 F.3d 7, 2001 WL 290343 at * 1 n. 2 (1st Cir. March 29, 2001). Zuluaga does not attack the validity of the removal proceeding itself, instead, he merely claims that the underlying convictions are illegal, invalid and unconstitutional.

**FACTS OF THE CASE**

1) On November 21, 1997 in Marlboro Massachusetts, the Framingham and Marlboro Police Departments accused Petitioner supposedly sold a quantity of heroin to an informant, <u>Please See</u> Indictment as an **exhibit A**

2) In separate police reports from these two Departments of Police. One made by Sgt. Stephen McCurley of the Marlboro Police Department and the other made by Sgt. Kevin Slattery of the Framingham Police Department officers in the investigation and arresting have had notorious contradiction that have been blatantly disregarded.

3) Framingham Police Department (F.P.D.) Sgt. Slattery reported that on November 21, 1997 he spoke to a reliable and confidential informant, who stated that he knew of a person, named Leonardo Zuluaga, (petitioner). Indicating that the Petitioner was dealing heroin from his room at the motel Macdonald in Marlboro, Massachusetts adding that it would be willing to make a control purchase of heroin from Petitioner at the motel.

4) Marlboro Police Department (M.P.D.) Sgt. McCurley reported that on November 21,1997 he received a telephone calls from Sgt. Kevin Slattery of the Framingham Police Department. Adding that according to Sgt. Slattery a Marlboro resident identified as Leonardo Zuluaga was dealing heroin from his room and presently had approximately "30 grams" of heroin for sale. Moreover McCurley said that Sgt. Slattery stated that he would like to make a controlled purchased of heroin from **Petitioner's room using an informant that was willing to testify in Court**. As a result of Sgt. Slattery's Information a controlled buy was set up.

5) Petitioner was arrested in his room at the motel, and the Hispanic Detective Feliciano translated the questions made by Sgt. McCurley and Sgt. Slattery to Zuluaga and the responses made by Petitioner.

6) (M.P.D.) Sgt. McCurley reported that according to the Detective interpreter Jose Feliciano Petitioner denied any knowledge of a heroin transaction. Nevertheless, (F.P.D.) Sgt. Slattery report that Petitioner admitted and confessed the drug transaction, moreover included a supposing confession made by Petitioner.

7) On May 5, 1998 Petitioner's counsel John Daly Jr. filed a motion to Suppress Statements. At the hearing for this motion before Marlboro District Court, were present the Detective Interpret Feliciano and Sgt. McCurley. It was clear that the statement made by Sgt. Slattery, about Petitioner's admission of the drugs transaction was fraudulent it was nothing more than lies and assumption. But, the Court denied Petitioner's motion to suppress statements. <u>Please see</u> Polices Reports and Motion to Suppress Statements as **exhibit A-1**

8) The supposedly controlled buy, was not supervised, heard or filmed.

Sgt. McCurley and Sgt. Slattery reported that they hadn't had search warrant to search the Zuluaga's room, but they said that Petitioner gave verbal consent to them to search his room

2

The Sgt. Slattery reported that the informant handed him ten- (10) bags of heroin, and that he gave it to the Sgt. McCurley. But Sgt. McCurley reported that he received (7) seven bags of heroin from Sgt. Slattery.

Petitioner went to trial on March 5th and 8th, 1999

## JURY TRIAL

The Judge at the Petitioner's trial started the trial on March 5, 1999 gave instructions to the jury about the rules of the law, and factors of the trial. The Judge established that the factor is ※Distribution※. Also the Judge explained that Petitioner was accused of distribution of heroin, as well the judge defined to the jury that distribution is when any individual has something in their possession and they give it to another person(s) in any form, i.e. (sold, free, etc).

Despite Sgt. Slattery had been reported that he had received 7 bags of heroin from his confidential informant, at the trial changed the quantity testifying under oath that the informant handed him eight- (8) bag of heroin, Added that he gave it to Sgt. McCurley.

Also at the trial the Sgt. McCurley in his testimony tried to change the quantity of heroin, that he had reported in his police report and said that he received eight (8) bags of heroin from **Sgt. Slattery**. But when Petitioner's counsel show Sgt. McCurley's police report, Sgt. McCurley admitted that was seven (7) bag of heroin that Sgt. Slattery handed to him as evidence against Petitioner.

Sgt. McCurley reported and also testified at the trial under oath that
they did not find " **any drugs in Petitioner apartment's, on his person or in the motel**". Moreover Sgt. McCurley said that they had a drug sniffing K-9 unit to search for narcotics, and the K9 unit search was done with negative results.

16) Sgt. Slattery did not mentioned in his police report that a K9 Unit worked in the search and at the trial he tried to deny the participation of the K9 Unit. But when he knew that all us at the trial knew about the participation of the K9 Unit, Sgt. Slattery stated that he did not remember about the participation of the K9 Unit. Please note Petitioner's trial was scheduled 15 months later of the issues. However Sgt. Slattery made his police report in the same week that the issues happened and he neither reported anything about the K9 Unit.

3

17) Roy Hollis was the name of the person, brought by Sgt. Slattery from Framingham to Marlboro, who was introduced by Slattery to Marlboro Police Department as a reliable and confidential informant.

18) In Sgt. Slattery cross-examination at the trial made by Petitioner's counsel, Sgt. Slattery admitted that Framingham Police Department knew Mr. Hollis for his criminal record and drug addiction. Also Petitioner's counsel had investigated that at the time of Petitioner's trial, Mr. Hollis was on bail for a criminal case pending in the Framingham District Court.

19) On November 21, 1997 few hours before Petitioner's arrest Sgt. Slattery informed to Marlboro Police Department that " Petitioner had approximately " 30 grams" of heroin for sale" , adding that his " informant was willing to testify in Court against Petitioner" .

Please note that after all, " the only heroin in the case, and as evidence at the trial against Mr. Petitioner was the (7) seven bags of heroin" ," which were in possession of "confidential informant who supposedly he handed to Sgt. Slattery. And Sgt. Slattery handed it to the Marlborough police department as evidence against Petitioner. The police did not find **" any drugs in Petitioner apartment's, or on his person or in the motel. Moreover Sgt. Slattery's informant never testified in court as neither at the trial before the jury.**

20) Petitioner testified in his trial before the jury


### JURY VERDICT


21) Despite that On March 8, 1999 at the trial Petitioner was found " Not Guilty" of MFG./ Distribution, / Dispensing class A substance, (heroin). " Which was the factor of the trial" , and also was found " Not Guilty" of Controlled Substance Violation within 1000' of school, He was found " Guilty" of illegal possession of class A substance (heroin), which is a wrong Conviction in violation of Petitioner's due process of the law. " Conviction for which Mr. Petitioner is not responsible" by reason that the conviction was/is contrary to the evidence, facts, in violation of the Constitution and laws of the United States. Please see Jury verdict as an **exhibit A-2**

22) " The Marlboro District Court and Petitioner's Counsel failed to Advise him of his rights to appeal" his conviction. Despite Petitioner's Counsel knew that the conviction was inequitable he

4

failed to filed an appeal on Petitioner's behalf, also did not give any work paper to Petitioner.

23) On March 11, 1999 the Marlboro District Court sentence Petitioner to one-year time serve, for that conviction, and one hour latter the Immigration and naturalization Service (INS) took Petitioner under custody and sent him to the State of New York, he doesn't see his Counsel again.

## ARGUMENTS

24  Court's Failure to advised to Petitioner his right to appeal his
conviction constituted a sufficiently significant breach of due process. U.S.C.A. Const. Amend. 5; Federal Rules Cr. Pro. Rule 32(c)(5), 18 U.S.C.A

25) When Petitioner becomes knowledgeable of the United States Constitution of how it applies and how it can protect any person from certain abuse of discretion, discrimination or abuse of power of the law or any injustice. Knowledge that Petitioner did not have at the time that the jury found him guilty at the trial of an inequitable conviction, which has not sustained by any real evidence. Petitioner contacted his counsel requesting to do something to correct the wrong conviction against him, but his counsel asked him for more money.

Since Petitioner couldn't afford a lawyer he proceed pro se, and on December 26, 2000 Zuluaga filed to the Marlboro District Court, a pro-se motion requesting to revise and revoke the criminal conviction for illegal possession of heroin against him entered in that Court on March 8, 2003. The ground for the relief requested was that such conviction was inconsistent to the evidences, factors and rules of the law at the Petitioner's trial. The Commonwealth did not have had any amount of heroin as evidence found in petitioner possession to sustain such conviction. [The Police did no found any heroin in Petitioner's possession, or in his room or in the motel to sustain the conviction of illegal possession of heroin against him. Moreover when the jury have found Petitioner **not guilty** of distribute the heroin in possession of the informant which was the only heroin in the case. Please see Petitioner's Pro se Motion dated December 26, 2000 as **Exhibit B.**

27) On February 12, 2001 the Attorney Virginia Yeamans advised Petitioner that Judge Thomas F. Sullivan of the Marlboro District Court ordered her to represent Petitioner in his request date December 26, 2000. In addition, Ms. Yeamans informed to Petitioner that she had requested the tapes of the trial, but the tapes she had received were missed the tape of the Jury verdict and sentence. Please see letters from Ms. Yeamans as **Exhibit. C**

5

28) Petitioner's motion was off listed for almost a year while an extensive search was made for the tapes, however ※ The Court has been unable to find the missing tapes※ . Which constitutes as a serious violation of the bill of rights to the undersigned Petitioner in liberty interest. Because the Courts has the obligation to secure all proceedings, which take place in a court of a law under the constitution of the United States Fifth and Fourteenth Amendment Due Process Clause and Procedural due process.

29) **On November 6, 2001** Petitioner filed to the Marlborough Distric
Court a pro se Motion requested that the court order vacate his conviction to continue without finding, until the court makes a resolution of the case. ※ **Petitioner's argued that he has been seeking to revoke the verdict of guilty of illegal possession of heroin with a request for a speedy trial**※ . But for errors of the prosecution the tapes of the trial were missing occasioning the extended and delayed which was very prejudicial to Petitioner, which implicates constitutional violations. The Marlboro District Court ruling that even if that allegation in Petitioner's motion is ※ true and correct※ , do not form basis for the relief requested, denying the motion. Please see Petitioner's motion dated November 6, 2001, and Court's ruling date November 13, 2001 **as exhibit D**

after all on **January 14, 2002** Petitioner receive a letter from Ms. Yeamans advised that his motion to revise and revoke was denied on January 3, 2002 by Marlboro District Court, also she included with the letter a copy of a Supplemental Motion submitted by her on December 18, 2001 to Marlboro District Court, which she submitted without informing Petitioner※ . Please See Supplemental Motion submitted by Ms. Yeamans on December 18, 2001 and Court's decision on January 3, 2002. **As exhibit E.**

31) In the supplemental motion that Ms. Yeamans filed to the Marlboro District Court she misinterpreted the arguments raised by Petitioner in his motion date December 26, 2000. And she stated that Petitioner requested that his sentence be revoked by reasons of his continued detention by Immigration and Naturalization Service, which was a mistake presumption. Because Petitioner made clear in his motion date December 26, 2000 that as consequence of the unlawful conviction of illegal possession of heroin against him, he has been detained under Mandatory detention by Immigration and Naturalization service. Which is a consequential damage from the unlawful conviction, not the bases for the relief requested from the criminal conviction to the Marlboro District Court. The grounds of Petitioner requesting relief is relating to ※ errors of law in the underling criminal proceedings※ , not for being detained by INS like Ms. Yeamans said to the Marlboro District Court. Please see supplemental motion filed by Ms. Yeamans on

6

December 18, 2001 **exhibit E** and compare the arguments with Petitioner's motion dated December 26, 2000 **exhibit B**.

32) Please note the denial by The Marlboro District Court sound somewhat strange because there are two motions and the Court affirm that they ruled in the Supplemental Motion to Revise and Revoke ordering the denied of the " **Supplemental Motion to Revise and Revoke"** . Which was the motion submitted by Ms. Yeamans on December 18, 2001. Petitioner has asks what happened with the arguments in basis of errors of law in the criminal proceeding raise by him to the Marlboro District Court in his pro-se motion dated December 26, 2000? Please see The Marlboro District Court's decision on January 3, 2002, as **exhibit E**.

33) The incorrect assertion made by Ms. Yeamans has had great prejudiced to Petitioner, because the arguments submitted by her make no sense and did not form any basis for the relief requested on Petitioner's behalf. Petitioner requesting relief was as a matter of law and constitutionals issues; he didn't have follows a discretionary relief by the Marlboro District Court

34) Petitioner stated that the courts has required to see that all litigants receive proper representation of counsel, under the criteria set forth in *Cooper v. A. Sargenty Co., 877 F.2d 170 (2d Cir.1989) and Hodge v. Police Officer, 802F.2d 58(2d Cir. 1986.* It is in this spirit that the courts, assigns attorneys to serve the disadvantaged faith fully and diligently.

35) Petitioner stated that the determination made by Marlboro District Court on January 3, 2002 is wholly inconsistent with the facts and circumstances before the court. The Court violated Petitioner's the arguments as a matter of law raise by him in his motion dated December 26, 2000, when the court ignoring his arguments ruling in the incorrect assertion made by attorney Yeamans in her Supplemental Motion dated December 18, 2001.

**[ABUSE OF DISCRECTION]**. A standard of review applied by appellate courts in reviewing the exercise of discretion by trial court and administrative agencies and persons; a rational used by reviewing court to upset determinations made by trial courts when such determination are wholly inconsistent with the facts and circumstances before the court and the deductions that can reasonably be made from the facts and circumstances, *see 251 N.E. 2d 468,471;* any unreasonable, unconscionable [or] arbitrary action taken without proper consideration of the facts and law pertaining to the matter submitted,'' 458 P. 2d 336, 338. Exercise of discretion on the grounds of arbitrary, Capricious or unfair decision-making. Davis Administrative Law *§28.04, 28.06(3rd ed. 1972)]*.

7

36) It clear that justice was not served in Petitioner's prosecution and that Petitioner's conviction was impose in violation of the U.S. Constitution, laws of the United States, and of the Commonwealth of Massachusetts. Moreover, Petitioner's constitutional rights were violating since the fraudulent and frivolous accusation made by the Framingham police department (Sgt. Kevin Slattery against Petitioner)

[※ **Accusatory Instrument**※ refers to the initial pleading or other paper, which forms the procedural basis for a criminal charge. It may take the form of an indictment, information, or accusation. If the accusatory instrument is defective, the entire proceeding will be rendered null and void]
※ It is clear that the police were lying in the accusatory instruments (Police's Reports), and Prosecutor committed prosecutorial misconduct for pursing the inconsistent accusation [※ Alternative pleading※ ].

37) Petitioner asserts that his Counsel failed to request Sgt. Kevin Slattery's misbehavior reports and past custodial records from Framingham Police Department. After His Trial Petitioner became aware that Sgt. Slattery has a reprobate conduct in the police force.

38) Petitioner stated that more than hundred years ago the United States Supreme Court has consistently held that the word ※person※ as used in the Fifth and Fourteenth Amendment due process Clause mean all persons physically present within the territorial jurisdiction of the United States whether or not they are United States citizens. See: Wong Wing v. U.S. 163 U.S 228, 238 (1896). In other words, an ※alien※ present in the United States is a ※person※ as that term is contemplated by due process protections. These provision extend their inalienable privilege to all `person' and guard against any encroachment on those rights by federal and state authority,'' Kwong Haib chew v. Colding, 344 U.S. 590, 596 (1953). And

39) The Sixth Amendment of the United States Constitution guarantees all criminal prosecutions; the accused shall enjoy the right for speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed. Which district shall have been informed of the nature and cause of the accusation, to confront witnesses against him, and to have compulsory process for obtaining witnesses in his favor, also guarantee to indigent defendant to have the assistance of counsel for his defense. The core of this amendment is based upon the reality that assistance be adequate and effective, zealously with bound of the law.

The U.S. Supreme Court has recognized that the right to counsel would be meaningless if it did not require effective assistance and substantial aid. *Powell v. Alabama, 287 U.S. 45.* Justice O'Connor spoke on *Stricland 80L.Ed.2d 647,* on the grounds

of ineffective counsel requires the consideration of the two elements, that counsels performance is shown to be deficient and that deficiency prejudiced the outcome.

The U.S. Supreme Court has set forth a two-part test for courts to use to determined whether a defendant has ineffective counsel see <u>Strickland v. Washington, 466 U.S. 759 (1970)</u>. Considering all the circumstances in my case, the assistance provided to me fell below an objective standard of reasonableness. Petitioner was harmed and prejudiced as a result of his counsel's performance.     See <u>Dyer v. Crips, 613 F. 2d 275 (10th. Cir. 1980) Cert, Denied, 445 U.S. 945(1980): Hill v. Lockhart, 474 U.S. 52 (1985)</u>.

40) Denying to Petitioner a relief is a denial of procedural due process because it demonstrates that considering all the circumstances in this case is clear that the law was not been done in Petitioner's prosecution. Petitioner's conviction was imposed in violation of the U.S. Constitution, laws of the United States, and of the Commonwealth of Massachusetts. Moreover the assistance provided to Petitioner fell below an objective standard of reasonableness. Petitioner as harmed and prejudiced as a result of his counsels' performance. Every lawyer that has been appointed has either walk Petitioner, into a dead end or left him unprotected and vulnerable to the District Attorneys of the court.

41) However the Marlboro District Court did not gave any explanations or Judicious reasoning of the denial entered on January 3, regarding Petitioner's Motion to Revise and Revoke dated December 26, 2000. Petitioner simply get a letter, which says ruling in the Supplemental Motion to revise and revoke the Supplemental Motion to revise and revoke is denied without any reasons for the denial of such proceeding. Moreover Petitioner hasn't receive any motion or Affidavit from the Commonwealth of Massachusetts in opposition to Petitioner's requested relief.

42) Petitioner stated that the tapes from his trial found by Marlboro District Court, which they gave to Attorney Yeamans. Allow reviewing all the issues at the trial. Because those tape contents all the issues at the trial commencing with the Judge instruction and ended with counsels closed arguments, (the tapes missed were the Jury verdict and sentencing, anyway the documents in **exhibit B** show the Jury decision and Court sentence. Furthermore the Court and attorney Yeamans did not provide Petitioner with the tapes or Transcripts from his trial, which they get.

43) Petitioner stated that the audio tapes and transcripts is the main structure and key to go ahead with this painful legal battle, Petitioner request that he get access to the audio tapes and transcripts in order to achieved his goal which is some form of relief. Without this information Petitioner can not perfect act on his appeal.

9

44) Petitioner assert that indigent person have, however, asserted their right to copies of records under G.L. c. 211. § 3. *Commonwealth v. Swist, 38 Mass. App. Ct. 907 (1995).* See *Charpentier v. Commonwealth, 376 Mass. 80, 81, 82, n. 1(1978)*

45) Just before the Marlboro District Court's decision on January 3, 2002, Mr. Petitioner received a letter dated October 11, 2001 from Assistant Bar Counsel, Ellen M Meagher advising him about ※ post conviction proceedings pursuant to Massachusetts Rule 30※ . Which allows at any time follow the conviction to request release from unlawful restraint. Petitioners are entitled to pursue one rule 30 motion as of right. (Commonwealth v. Ravenell, 415 Mass. 191. 193 (1993) (Express provisions of Rule 30 (a) permit motion to be filed at any time). **See.** Letter from Assistant Bar Counsel Ellen M. Meagher as **Exhibit F**

46) On July 26, 2002 Mr. Petitioner sent a Motion to Reconsider pursuant ※ Criminal Procedures Rule 30(a)※ requesting to Marlboro District Court to reconsider, its decision January 3, 2002 denying of Petitioner's Motion to Revise and Revoke and ordering Zuluaga's release from unlawful restrain. But on August 22, 2002 the Motion to Reconsider was denied by Marlboro District Court without any explanation or judicious reasoning for the denial of such proceeding. Please see. Petitioner's Motion to reconsider and Marlboro District Court's decision date august 22, 2002 **as exhibit G**

47) On September 13, 2002 Petitioner filed a letter to Marlboro District Court requesting certain documents. Also on September 17, 2002 petitioner mailed a ※ Notice of Appeal※ of the Marlboro District Court's decision entered on August 22, 2002 denying Petitioner's motion to reconsider under Rule 30. Also Petitioner requested the Transcripts from his Jury Trial. Please see Notice to appeal as **exhibit H.**

48) On September 29, 2002 Petitioner received from Marlboro District Court the documents requested by him, also a letter from Marlboro District Court dated September 26, 2002 advising him that this would be the last correspondence with him. The court did not mentioned anything regarding Petitioner's ※ Notice of Appeal※ mailed by him to the Court on September 17, 2002. Moreover Petitioner believe that the Court advice is because his determination to take an appeal. Also such advice by the court violates Petitioner's First Amendment. The court also advise to Petitioner, that the Court tapes were not available to duplication, and that they are obligated to keep the tapes for only two years. However **Petitioner filed a motion attacking his conviction since December 26, 2000,** which was early of the two years alleges by Marlboro District Court. Furthermore Ms. Yeamans requested the tapes, and she has received such tapes by the court, despite that the tapes she has received were incomplete, are

10

enough to review the entire issues at the Petitioner's trial, as Petitioner has explained above. <u>Please see</u> the Letter dated September 26, 2002 from Marlboro District Court **as exhibit I**

49) For that above reason On October 3, 2002 Petitioner mailed straight to the Supreme Judicial Court of Massachusetts (SJC) a copy of his ❋Notice to Appeal❋ of the judgment of denial entered on August 22, 2002 by the Marlboro District Court on Petitioner's rule 30 motion. Nevertheless Petitioner never has received any response from the Supreme Judicial Court of Massachusetts.

50) Once again, on November 5, 2002 Petitioner sent by <u>Certified of mail</u> to the Supreme Judicial Court of Massachusetts his Appeal from the judgment of denial entered on August 22, 2002 on his Rule 30 Motion by Marlboro District Court. Nevertheless once again Petitioner has not received any respond by the Supreme Judicial Court of Massachusetts; they did not have had make any communication with Petitioner. **The Supreme Judicial Court erred as a matter of law ignored Petitioner's Application, (Appeal) depriving him of remedies available to him in the courts of the State. Which constitutes a violation of the due process clause of Petitioner's 5th and 14th Amendment**. see Petitioner's Appeal and the receipt from the certified mail to the SJC **as exhibit J**.

51) Petitioner had exhausted or attempted to exhaust the state remedies available to him as the Post-conviction Procedures under Massachusetts Rule Criminal Procedures 30 which allows at any time follow the conviction to request release from unlawful restraint Commonwealth v. Ravenell, 415 Mass. 191, 193 (1993). Rule 30 provision consolidates the remedies that were formerly available through the **motion for new trial, writ of habeas corpus, and writ of error**. *See Commonwealth v. Sitko, 372 Mass. 305, 313-14 (1977); Commonwealth v. Amirault, 415 Mass. 112, 115-16 (1993)*. Petitioner alleged the violation of his constitutional rights in the ❋State Conviction❋; gave the State the first opportunity to remedy state court errors and to protect the state's interest in finality of judgment. Although, Petitioner has made substantial shown of the denial of his Constitutionals Rights in the State Court Proceeding still ❋Circumstance exist❋ that render such process ineffective to protect his rights and justices not have been done.

52) As Petitioner explains above that he had been convicted and sentencing to one-year time serve for that conviction in Marlboro District Court. At that time the Immigration and naturalization Service (INS) took him under custody and sent him to the State of New York, where he is currently in continued custody of the INS for more of **58 months**. Please note Petitioner hasn't any criminal record in the State of New York. The Petitioner asserts that the expired convictions entered in violation of the Constitution and Law of the United States. As well his currently custody, which is a predicate of those convictions, which were

11

resulted in decisions that were based on unreasonable determination contrary to fact in light of the evidence presented in the state court proceedings in violation of the Constitution and laws of the United States. See O'Brien v. DuBois, 145 F. 3d 16,24 (1st Cir. 1998). Petitioner does not attack the validity of the removal proceeding itself, instead, he merely claims that the underlying convictions are unlawful, invalid, and unconstitutional.

The last resource Petitioner have available to intended achieve justice is avenue of an Federal review in a Federal Court, within which the State Court was held convicted and sentenced him to resolve his allegation that fundamental errors had occurred in his underlings criminals state proceedings.

Where Petitioner had been involved in litigation concerning alleged violation of his constitutional rights in ※ State Conviction,※ where petitioner had exhausted state remedy available to him, or attempted to exhaust those remedies without avail. Petitioner should give his day in federal court on merits of his constitutional contentions, and case would not be dismissed for lack jurisdiction. Omosefunmi v. Attorney General of Commonwealth of Massachusetts 152 F. Supp. 2d 42, 2d 42, 2001 WL 793215 (D. Mass 2001) held that Petitioner satisfied the ※ in custody※ requirement for habeas statute where, because of his expired conviction the Immigration and Naturalization Service (INS) was attempting to deport him. Such attempts constitute a sufficient restraint on petitioner's liberty to satisfy the "in custody See Hurtado v. Tucker, 245 F.3d 7, 2001 WL 290343 at * 1 n. 2 (1st Cir. March 29, 2001).

For the aforementioned reasons Petitioner asserts that the last resource he has available to intend achieve justice is avenue of a Federal review in a Federal Court, in which the State Court convicted and sentenced him.

**WHEREFORE**, In light of the issues, facts and argument set forth herein, Petitioner prays that a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be issued directing that the judgement and sentence in this case be vacated, and Court orders that Petitioner be discharge from custody or other restraint of his liberty, as the Court may deem just and proper.

Respectfully Submitted

*Leonardo Zuluaga M*

Leonardo Zuluaga Martinez
# 90572172 Pro-se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

Date January 9, 2004