UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONARDO ZULUAGA MARTINEZ,  )
      Petitioner,  )
    )
v.  )  Civil Action No. 04-40006-NMG
    )
COMMONWEALTH  )
OF MASSACHUSETTS,  )
      Respondent.  )

MEMORANDUM AND ORDER

For the reasons stated below, this action will be dismissed.

FACTS

On January 14, 2004, petitioner Leonardo Zuluaga Martinez ("Zuluaga"), an immigration detainee at the Buffalo Federal Detention Facility in Batavia, New York, filed an application to proceed without prepayment of the filing fee and a petition for a writ of habeas corpus under Section 2254.

Zuluaga challenges a 1999 conviction for heroin possession in Marlborough District Court. Petition p. 2. He claims, among other things, that the confession admitted during his criminal trial was fraudulent; that there were discrepancies in the amount of heroin allegedly discovered; and that he received ineffective assistance of counsel. Memorandum of Law, p. 2-5.[1]

This is not the first action filed by Zuluaga. In 2003, Zuluaga filed a petition for a writ of coram nobis challenging

---

[1] On January 26, 2004, Zuluaga filed a letter stating that in his original cover letter to the Court, he had mistakenly stated that he was filing this habeas petition under Section 2241 rather than Section 2254. Docket No. 2.

what appeared to be a 1998 conviction for heroin possession in Framingham District Court, and this Court dismissed the petition for lack of subject-matter jurisdiction. The First Circuit affirmed the dismissal. <u>Martinez v. Commonwealth</u>, 03-2244 (1st Cir. Dec. 20, 2003).

On February 9, 2004, Martinez filed a motion to vacate the First Circuit's affirmance, and the First Circuit denied the motion, stating:

> [I]t is clear that at this point, there is no vehicle in Massachusetts federal court by which Zuluaga may challenge his two Massachusetts state court convictions. Specifically, we have considered whether this case might be characterized as a petition for [a] writ of habeas corpus pursuant to 28 U.S.C. § 2254. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (<u>pro se</u> submissions not held to stringent pleading standards). If the case were so characterized, it clearly would be time-barred. <u>See</u> 28 U.S.C. § 2244(d)(1) & (2) (federal petition must be filed within one year after criminal judgment becomes final; time during which properly-filed state post conviction proceedings are pending is excluded). Zuluaga did not initiate state postconviction proceedings until more than one year after his conviction became final; and he did not file this federal petition until nearly four years had passed after his second conviction became final.

03-2244 Docket (3/4/04).

## ANALYSIS

I. <u>The Petition Shall Be Summarily Dismissed</u>

Under Rule 4(b) of the Rules Governing Section 2254 Cases, the Court is required to examine a petition, and if it "plainly appears from the face of the motion... that the movant is not entitled to relief in the district court," the Court "shall make

an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994). This petition is subject to dismissal because the First Circuit has previously determined that any Section 2254 habeas petition filed by Zuluaga would be untimely, and thus, this petition is "second or successive."

A. The Petition Is "Second or Successive"

As stated above, the First Circuit has held that "there is no vehicle in Massachusetts federal court by which Zuluaga may challenge his two Massachusetts state court convictions," because any Section 2254 habeas petition filed by him would be untimely. 03-2244 Docket (3/4/04) (emphasis added).[2]

Thus, to the extent that this habeas petition duplicates claims raised and decided by the First Circuit in construing Zuluaga's previous petition under Section 2254, the instant petition is "second or successive" under Section 2244(b)(1), (2)

---

[2] This Court may take judicial notice of the First Circuit's decision. Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) (a court may take judicial notice of other relevant court proceedings).

3

and this Court lacks jurisdiction to review it. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000) (petition is "second or successive" where a previous habeas petition has been decided on the merits); Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999) (court may not consider a "second or successive" habeas application absent proper authorization from the court of appeals, and may either dismiss a "second or successive" habeas petition or transfer it to the court of appeals); cf. Rodwell v. Pepe, 324 F.3d 66, 73 (1st Cir. 2003) (Rule 60(b) motion that directly challenged state conviction was "second or successive" habeas petition).[3]

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this

---

[3] The Court notes that a separate basis of dismissal is that Zuluaga is currently in federal, rather than state, custody and is challenging an expired state conviction(s). See, e.g., Maleng v. Cook, 490 U.S. 488, 490-491 (1989) ("in custody" language of § 2254 requires that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time petition is filed); Lackawanna County District Atty. v. Coss, 532 U.S. 394, 403-404 (2001) (a party is not "in custody" for purposes of establishing jurisdiction for federal post-conviction relief when he seeks to challenge a sentence that has fully expired at the time the petition is filed, even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction); Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004) (affirming dismissal of § 2254 petition, alien was not "in custody pursuant to a judgment of a State court," where he was in federal custody awaiting a final removal determination by the INS); Neyor v. INS, 155 F. Supp. 2d 127, 134 (D. N.J. 2000) (same); cf. Drakes v. INS, 330 F.3d 600, 606 (3rd Cir. 2003) (petitioner may not bring § 2241 habeas proceeding to collaterally attack a prior state conviction where that conviction serves as a predicate for an order of removal).

action be dismissed for the reasons stated above.

SO ORDERED.

Dated at Worcester, Massachusetts, this 2d day of April, 2004.

*Nathaniel M. Gorton*
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE