UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONARDO ZULUAGA MARTINEZ

   Petitioner

v.            Civil Action No.04-40006-NMG

COMMONWEALTH OF MASSACHUSETTS
   Respondent

## MOTION UNDER FED. R. CIV. P. 60

  COME NOW petitioner Leonardo Zuluaga Martinez, Pro-se in the above captioned respectfully request this Court under Fed. R. Civ. P. 60 for relief from the judgment dated April 2, 2004 dismissing Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenge a 1999 conviction for heroin possession in Marlborough District Court. For the following reasons:

1) 28 U.S.C.§ 2244(d)(1)&(2) impose one-year statute of limitations on all habeas petitions. {Federal habeas petition must be filed within one year after criminal judgment becomes final; time with during which properly-filed stated postconviction proceedings are pending is excluded or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection}. The limitation period begins to run from the latest of four possible dates.

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action.

  (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

(D) The date on which the factual predicated of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case Petitioner asserts that his petition should not be barred under rule 28 U.S.C. § 2244 (d)(1)&(2) because his delay is excusable under the terms of 28 U.S.C. 2244 (d)(1)(B) & (D) because `Extraordinary Circumstances' beyond a petitioner's (litigant's) control have prevented him from promptly filing see <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 (1st Cir.2001), <u>Lattimore v. Dubois</u>, 311 F.3d 46, 559 (1st Cir. 2002). Petitioner did not become aware that his conviction was unlawful until the one year status limitation under AEDPA had expired see <u>Brackett v. U.S.</u> 270F.3d at 70 (1st Cir.2001). {Petitioner become aware exactly 20 months later after the judgment.} Once petitioner was aware that his conviction is unconstitutional and that he can challenge the conviction, he exercised due diligence in seeking to have his state conviction vacated.

2) While the petitioner acknowledges the encumbrances, arising from the Supreme Courts' ruling in **Daniels v United States**, <u>532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed. 2d 590(2001)</u>; and also **Lackawanna County District Attorney v Coss**, <u>532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001)</u>, which addressed permissibility of a collateral attack on a state conviction, and further promulgated rules of exception, under which an `***expired***' conviction may be challenged, to wit:(1) *`There was a failure to appoint counsel in violation of the Sixth Amendment* or (2) *`That there existed some circumstances in which no channel of review was actually available respecting expired conviction.'* **Daniels**, **121 S. Ct**. at 1583; **Coss**, **121 S. Ct**. <u>at 1574</u>.

Accordingly, if a petitioner effectively demonstrates that he falls within the exception carved out by the aforementioned Supreme Court

2

cases, then in the interest of justice such petitioner should be allowed to pursue his appeal under the pursuance of **Daniels**, supra **532 U.S.** and **Coss**, supra **532 U.S.** ❈ Notwithstanding, the issuance of these decisions, and the exception carved out by the same, it is the petitioners' contention that for the purposes of the Sixth Amendment there is seemingly little difference, if any, between failure to appoint counsel, {as set forth in Daniels and Coss} and ineffectiveness of counsel. See **Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)**. {`*Establishing a bar of effectiveness for counsel. Accordingly, `appointment of counsel', diminishes in significance, if counsels' representation falls below the standards of reasonable professional norm.*'}

In the instant case, petitioner should not be barred from pursuing his appeal by way of [28 U.S.C. § 2254], in that there existed violations of his Sixth Amendment right to effectiveness of counsel during criminal procedure, and moreover, that there existed circumstances under which no channel of review was actually available to the petitioner respecting expired conviction in question.

Inasmuch as, the petitioner was represented by counsel during his criminal proceeding such representation fell below the standard of reasonable professional norm as set forth under **Strickland** supra, **466 U.S.** In general, claims of ineffective assistance of counsel give rise to constitutional issues cognizable under the statute governing motions to set aside, vacate, or correct sentence. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The Supreme Court has construed this language to include the right to assistance of counsel at trial and on appeal. See *Douglas v. California*, 372 U.S. 353, 357, 83 S.Ct. 814, 9

3

L.Ed.2d 811 (1963). The Supreme Court further has stated that the constitutional right conferred is not simply to the assistance of counsel, but also to the effective assistance of counsel, both at trial and on appeal. See *Evitts v. Lucey*, 469 U.S. 387, 398, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The Supreme Court in Strickland announced the constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel. There, the Supreme Court stated: "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined [*587] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052; see *also Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir.1985). To facilitate the inquiry, the Supreme Court established the following two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

As following the facts why Petitioner delay is excusable under the term of 28 U.S.C. 2244 (d)(1)(B)&(D) {extraordinary circumstances beyond a petitioner's control, which have prevented him from become aware that his conviction was illegal and promptly filing}. Also the facts why the District Court in the interest of justice should

4

<u>be allowed petitioner to challenge his expired conviction under the pursuance of *Daniels, supra* 532 U.S. and *Coss, supra* 532 U.S.</u>

1. In the instant case the Judge in the state court sentenced Petitioner to time served, at which point circumstantially the conviction expired at the time of his sentence hearing putting petitioner outside of the availability of 2254, [a procedure to which defendants are entitled].

2. The State Court failure to advise Petitioner of his rights to appeal his conviction as required by Federal Rule Criminal Procedures 32(c)(5); at the time of his sentence constituted a significant breach of due process. U.S.C.A. Const. Amend. 5; Federal Rules Cr. Pro. Rule 32(c)(5), 18 U.S.C.A.

3. Even though a counsel represented the Petitioner in his criminal proceedings he failed to object or appellate the verdict of guilty against petitioner, which resulted in a decision that, was based on an unreasonable determination of the facts in light of the state court proceedings. Counsel representation fell below the standard of reasonable professional norm as set forth under **Strickland** *supra,* <u>466 U.S.</u>, because the counsel failure deprived his claim of a right to direct appeal where petitioner had solid and meritorious appellate issue.

4. The state court and counsel failure constituted fundamental procedural error and prejudice resulting from that error.

5. At the time that state court sentenced Petitioner to time served, the Immigration and naturalization Service (INS) took Petitioner under custody sending him to an `Immigration center' in Batavia, New York, place where petitioner has not access to Massachusetts's criminal law and its proceedings. The Immigration Center's Law library in Batavia is provided

5

for Immigration law and its Procedures, the law library here is not provided with the Massachusetts Criminal law and its procedures in the state courts of Massachusetts. As a result petitioner has barred to research the Massachusetts law and its criminal procedures. Furthermore at that time petitioner did not have knowledge that his conviction was unlawful and that he could challenge his conviction, because as petitioner's explaining above his counsel and the state court not made any legal advise to him neither informed him of his right to appeal his conviction. Following his sentence petitioner was removed from the Courtroom and the INS took him under custody, once transported to the state of New York, petitioner did not see his counsel ever again once he was sentenced.

6. Also at the time of the issues petitioner speaks no English, and was completely untrained in the law. Was at the course of the contention of his removal proceedings that Petitioner begins to learner to speak and read English. By investigating the Immigration law and its procedures petitioner becomes knowledgeable of the United States Constitution and the rights under it. Furthermore on November 2000 another detainees versed in the law; by reading the police's reports from petitioner case, found that petitioner conviction for illegal possession of heroin had no sense, because nothing was found in his possession and he was cleared of distribution. So the verdict was contrary to the facts, and evidence, at the state court proceedings, which cause to be invalid.

7. As a result of the legal information by petitioner's fellows detainee's, petitioner made a phone call to the Immigration lawyer James Espinosa from Framingham, Massachusetts, because petitioner had sent information about his convictions to Mr. Espinosa soliciting help regarding the Immigration Matters. Petitioner explained to Mr. Espinosa the legal advice provided to him by his fellow detainees. And Mr. Espinosa stated that

6

if nothing was found in Petitioner's possession, and petitioner was found not guilty for the distribution, the conviction of possession of heroin against him, was a mistake, contrary to the evidences and rendered invalid. Mr. Espinosa suggested petitioner to contact the Lawyer that had represent him in such proceedings in Marlboro District Court and ask him to fix the mistake.

8. Petitioner made a phone call to Mr.John Daly Jr. who was the counsel that had represented him in Marlboro District Court, however Mr. Daly refused to help petitioner.

9. As Petitioner is explaining above, in this facility where the INS confined him since his sentenced for such conviction in Marlboro District Court, he does not have access to any legal material to investigate the Massachusetts law and its proceeding. In such circumstances Petitioner is deprived for a viable means to challenge his conviction. Under such circumstances Petitioner only asserted to sent a pro-se motion requesting the Marlboro District Court to revise and revoke the conviction for possession of heroin against him, without cite any provision of the Massachusetts rules of criminal procedures. Petitioner contends in his request, that the conviction for illegal possession of heroin against him was contrary to the facts, evidences and law at the state proceedings, in violation of due process by the Jury, Court and Counsel, requesting the revision of such conviction and its revocation. (petitioner filed his motion to revise in revoke on December 26, 2000)

10. The Marlboro District Court ordered Attorney Ms. Virginia Yeamans to represent petitioner in his motion to revise and revoke, but inconceivably Ms. Yeamans distorted the basis for petitioner requesting relief. Therefore when the Marlboro District Court denied Petitioner's motion to revise and revoke on January 3, 2002, Ms. Yeamans me asked if I would like to

appeal the Marlboro District Court decision to the Supreme judicial Court of Massachusetts, Petitioner rejected to make an appeal from such decision. Please see Attached Ms. Yeamans's letter.

11. Couple months before of Marlboro District Court decision denying petitioner's motion to revise and revoke, Ms. Ellen Meagher, Assistant Bar Counsel, write him informing petitioner that such claims should be raised in the first instance in court by appeal or by post conviction proceedings pursuant to the provision of Rule 30 of the Massachusetts rules of criminal procedures.

12. Because petitioner did not have any idea in regard to the provision of Rule 30 of the Massachusetts rules of criminal procedures and inability to find such legal material in the facility's law library, a fellow detainee gave to him the address from Harvard Prison Legal Assistant Project of the Harvard Law School to request legal assistance.

13. Petitioner writes to Harvard requesting legal assistance regarding post-conviction provision of Rule 30 of the Massachusetts rules of criminal procedures, they sent Petitioner a postconviction Manual regarding such proceedings. At that time Petitioner filed a pro se Motion pursuant to the provision of Rule 30 of the Massachusetts rules of criminal procedures to the Marlboro District Court requesting the Court to reconsider its decision dated January 3, 2002, which denied his motion to revise and revoke. Petitioner making clear that Ms. Yeamans distorted the basis of his requesting relief, petitioner stating that his requesting relief is a matter of law, not discretionary.

14. On August 22, 2002 The Marlboro District Court denied Petitioner's Motion to reconsider. At that point Petitioner filed a notice of appeal to Marlboro District Court, but the

Court did not make any respond to his Notice of appeal, moreover the court sent petitioner a letter stating that they were not going to have any more correspondence with him. Therefore petitioner sent his appeal directly to the Supreme Judicial Court of Massachusetts (SJCM), however petitioner did not have receive respond or communication from the SJC regarding his appeal violating petitioner's First Amendment and his due process and equal protection rights.

15. Under such circumstances, petitioner have been deprived of any channel of review available in the state court respecting his expired conviction due to the state courts of Massachusetts's lack of communication with Petitioner, violating petitioner's First Amendment and his due process and equal protection rights. Accordingly the last resource Petitioner have available to achieve justice is an avenue of a Federal review in a Federal Court, in which the state court he was held, convicted and sentenced him.

16. For the above reasons Petitioner filed a Petition to this Court under Writ of Error Coran Nobis, 28 U.S.C. § 1651, challenge his conviction. However Petitioner also requested this Court Sua-Sponte determine if 28 U.S.C. § 1651 does not fulfill the requisite jurisdiction then this Court shall construe the appropriate statue as to allow this forum to make the determination of the petitioners' contention.

17. Petitioner's petition for writ of error coran nobis this court denied without prejudice for lack of jurisdiction, so Petitioner filed an appeal for such decision to the Court of Appeals for the first circuit. But On December 30, 2003 the First circuit denied petitioners appeal affirming this court decision, at that time this court and the first circuit did not have yet characterize petitioner's petition as a petition for writ of habeas corpus pursuant 28 U.S.C. §2254. So the court regarding section §2254 in the instant case had made no

judgment at that time. Therefore on January 9, 2004 petitioner filed his petition for writ of habeas corpus pursuant 28 U.S.C. §2254 to this court challenge his 1999 conviction for heroin possession from Marlboro District Court.

18. On January 30, 2004 Petitioner failed a motion requesting the First circuit to reconsider its decision December 30, 2003 denying petitioners appeal affirming the decision for this court in petitioner's petition for writ error coran nobis. Because at that time the First circuit already had issue the mandate, they treated petitioner requests as a motion to recall mandate. At that time the First Circuit considered characterize petitioner's petition as a petition for writ of habeas corpus pursuant 28 U.S.C. §2254 determined that petitioner would be time-barred under 28 U.S.C. §2244(d)(1) & (2), denied On March 04, 2004. However the First Circuit at that time had not scrutiny that could be Petitioner petition should not be barred under rule 28 U.S.C. § 2244 (d)(1)&(2) because his delay is excusable under the terms of 28 U.S.C. §2244(d)(1)(B) & (D). Because `Extraordinary Circumstances' beyond a petitioner's (litigant's) control have prevented him from promptly filing see _Delaney v. Matesanz_, 264 F.3d 7, 14 (1st Cir.2001), _Lattimore v. Dubois_, 311 F.3d 46, 559 (1st Cir. 2002). Petitioner did not become aware that his conviction was unlawful until the one year status limitation under AEDPA had expired see _Brackett v. U.S._ 270 F.3d at 70 (1st Cir.2001).

This motion is submitted in good faith, and is not intended to challenge the totality of the underlying legal procedures that transpired, but rather as a procedural vehicle with which to seek redress from the lingering civil disabilities, stemming from fundamental error of constitutional nature, in the underlying state criminal proceedings.

Accordingly in the interest of justice for the reason herein before set forth, petitioner should be allowed from pursuing his appeal by way of [28 U.S.C. § 2254], under the pursuance of **Daniels**, supra **532 U.S.** and **Coss**, supra **532 U.S.** In that there existed violations of his Sixth Amendment right to effectiveness of counsel during criminal procedure, and moreover, that there existed circumstances under which no channel of review was actually available to the petitioner respecting expired conviction in question. Furthermore in that existed `extraordinary circumstances' beyond a Petitioner's controls have prevented him from promptly challenge his state conviction; also where petitioner become aware of the facts which would prove his innocence until the one year status limitation under AEDPA had expired 28 U.S.C. §2244 (d)(1)(B) & (D).

{Please sees attached petitioner's affidavit, which is hereby made part of this petition.}

WHEREFORE for the reasons herein before set forth, the court should be allowed petitioner from pursuing his petition by way of 28 U.S.C. §2254.

Respectfully submitted

Leonardo Zuluaga Martinez

Dated April 28, 2004
Cc: File