UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONARDO ZULUAGA MARTINEZ
Petitioner

v.                                  Civil Action No. 04-40006-NMG

COMMONWEALTH OF MASSACHUSETTS
Respondent

## AFFIDAVIT IN SUPPORT

I, being duly sworn, deposes and says; that I am the defendant-petitioner in the above entitled matter, and acting (pro-se) and in accordance to all pertinent law and local rules governing such action, respectfully submitted this affidavit in support of petition for an relief under Fed. R. Civ. P. 60 for relief from the judgment dated April 2, 2004 dismissing Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenge a 1999 conviction for heroin possession in Marlborough District Court.

Under the penalty of perjury I hereby affirm that;

As this Court have note in his petition Petitioner contend that he received ineffective assistance of counsel in violation of Six Amendments, and also is allege other irregularities in his underlying criminal procedures in violation of the First Amendment and due process and equal protection clause. **However** the fundamental base of his petition is that the challenge conviction involved an unreasonable determination of the facts in light of the evidences presented in the underlying stated criminal proceedings.

Please note: Petitioner was accused in Marlboro District Court, to distributed (sale) 7 bags of heroin to a confidential informant on November 21, 1997. As a predicated of the charge of

1

Distribution of heroin petitioner was charged of control substance violation within 1000' of school, and charged of illegal possession of heroin. Petitioner exercised his right under 6th amendment of the United States constitution to enjoy a trial, which was held in Marlboro District Court on March 5, and 8, 1999. The President Judge at the trial advised the jury that the factor of the trial was distribution of heroin.

Petitioner was found <u>Not guilty</u> of the charge of distribution, also was found <u>Not guilty</u> of the charged of control substance violation within 1000' of school, but inconceivable Petitioner was found <u>Guilty</u> of Possession of Heroin.

Petitioner not conceive how the Jury found him guilty for illegal possession of heroin, when they cleared him on distribute heroin to the informant, the total of heroin involved in the underlying state criminal proceedings as evidence was found in the informant's possession.

<u>Moreover</u> the police involved in the case reported and also testify under oath at the trial that they not found any drugs in Petitioner's apartment or on his person. Also the Sgt. Detective Stephen McCurley involved in the investigation and arrested reported and testify under oath at the trial before the jury that they had a drug sniffing K-9 unit to search for narcotics, and the K9 unit search was done with negative results.

Once his fellow's detainees advised Petitioner that his conviction was illegal and his right to look for its vacated, he exercised due diligence in seeking to have his state conviction vacated. However the Marlboro District Court that had convicted and sentence him denied all his motions requesting relief without any explanation or judicial reason, as petitioner affirm is required by the Law and constitution of the United States under due process and equal protection and First Amendment.

2

Petitioner appealed the Marlboro District Court decision to the Judicial Supreme Court of Massachusetts seeks an order vacating his conviction for heroin possession in such court, petitioner did not have received any answer of communication by the Supreme Judicial Court regarding his appeal.

The underlying state proceedings were infected with prejudicial constitutional error, and Petitioner was convicted erroneous. The error is obvious, and irrefutable that the conviction was a mistake and rendered illegal. Despite petitioner have alleged his innocence to the states courts for few years showing clearly that he was convicted in violation of the law and constitution of the United States Constitution, the transgression persist.

Under such circumstances, petitioner have deprived of any channel of review available in the state court in respecting his expired conviction due to the state courts of Massachusetts's lack of communication with Petitioner, violating petitioner's First Amendment and his due process and equal protection rights. Accordingly the last resource Petitioner have available to achieve justice is an avenue of a Federal review in a Federal Court, in which the state court that was held, convicted and sentence him. See U.S.C. § 2254(b)(1)(B)(I

The Federal Courts are required to prevent any injustice over its jurisdiction. But most important is that the Federal Courts has the inherent power to inquire into any violation of federal law alleged by a person convicted in the state court in its jurisdiction when the person had exhausted the stated corrective process gave the opportunity to the state to remedy state court errors without avail.

Accordingly in the interest of justice for the reason herein before set forth, petitioner should be allowed from pursuing his appeal by way of [28 U.S.C. § 2254], under the pursuance of

3

**Daniels**, supra **532 U.S.** and **Coss**, supra **532 U.S.** In that there existed violations of his Sixth Amendment right to effectiveness of counsel during criminal procedure, and moreover, that there existed circumstances under which no channel of review was actually available to the petitioner respecting expired conviction in question. Furthermore in that existed `extraordinary circumstances` beyond a Petitioner's controls have prevented him from promptly challenge his state conviction; also where petitioner become aware of the facts which would prove his innocence until the one year status limitation under AEDPA had expired 28 U.S.C. §2244 (d)(1)(B) & (D).

Petitioner's petition is submitted in good faith, and is not intended to challenge the totality of the underlying legal procedures that transpired. But rather as a procedural vehicle with which to seek redress from the lingering civil disabilities, stemming from fundamental error of constitutional nature, in the underlying state criminal proceedings.

**WHEREFORE**, In light of the issues, facts and argument set forth herein, and in the interest of justice petitioner respectfully request this Honorable Court to reverse it decision dated March 2, 2004 dismissing Petitioner's petition. And providing to petitioner the remedy required preventing a `Manifest injustice' in the state criminal proceedings, and issued directing that the judgement and sentence in this case be vacated, and Court orders that Petitioner be discharge for any restraint of his liberty, as the Court may deem just and proper.

                                    Respectfully Submitted

                                    *[signature]*
                                    Leonardo Zuluaga Martinez
                                    #90572172
                                    4250 Federal Drive
                                    Batavia, New York 14020

Dated April 28, 2004

UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

Re: Leonardo Zuluaga Martinez v. Commonwealth of Massachusetts
CIVIL CASE No. 04-40006-NMG

## ADDENDUM IN SUPPORT Fed.R.Civ.P. 60.

Enclosed herewith please find:

1. Attorney Virginia Yeamans's letter.

2. Assistant Bar Counsel's letter

3. Harvard Prison Legal Assistance Projec's letter.

4. Copy of a request made by petitioner to the facility's officer in charge of Law Library, to show the Court that since he was senteced for the allege conviction from Massachusetts's he has no access to legal material relating to Massachusetts's Criminal Procedures.(Defendant detained plaintiff class member' rights of access to Courts of Massachusetts have violated by his deprivation to access to legal materia of Massachusetts Criminal Procedures).

5. The Rules are not intended to throw hurdles at the prosecution in securing a conviction; they are intended to prevent the conviction of person whose guilty has not been established beyond a reasonable doubt. U.S.v.Mihalopoulos, 228 F. Supp. 994 (D.D.C.1964).

Very truly Yours

Leonardo Zuluaga M.

Dated April 28, 2004

#1

**Virginia M. Yeamans**
Attorney at Law
116 Concord Street Suite 2
Framingham, Massachusetts 01702
(508) 872-1570   Fax (508) 872-1517

January 9, 2002

Leonardo Zuluaga Martinez
A90572172
4250 Federal Drive
Batavia, N.Y.  14020

Re: **Commonwealth v. Leonardo Zuluaga Martinez   9721CR1943**
    **Revise and Revoke Reconsideration**

Dear Mr. Zuluaga:

Please find enclosed the decision by Judge Sullivan to deny your Revise and Revoke. I have also enclosed a copy of my supplemental motion. There is no mention in the Revise and Revoke statute of a right of appeal; however, it appears that the Supreme Judicial Court of Massachusetts has allowed such. If you want to appeal, please return the enclosed request sheet as soon as possible. I must tell you that I would strongly advise against an appeal because this motion involves a decision which is ENTIRELY within a judge's discretion and the court's hardly EVER overturn such decisions. An appeal would most likely be unsuccessful and take a very long time to be heard.

I would advise you to accept this case as closed unless you wish to file a motion for a new trial. That would most likely also be unsuccessful as you were found not guilty of the most serious charges. Secondly, I have no idea what grounds you could use to request a new trial.

Thank you in advance for returning the enclosed sheet and let me know if you have any other questions.

Very truly yours,

Virginia M. Yeamans

# OFFICE OF THE BAR COUNSEL
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
75 Federal Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 357-1866
www.state.ma.us/obcbbo

DANIEL C. CRANE
BAR COUNSEL

October 11, 2001

Mr. Leonardo Z. Martinez (#90572172)
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020
LEGAL MAIL

RE: BBO File No(s). B2-00-0345 (John L. Daly, Jr., Esq.)

Dear Mr. Martinez:

Enclosed please find a copy of the answer of Attorney John L. Daly, Jr. to the matter which you brought to our attention.

Your grievance against Attorney Daly essentially concerns two things: You allege that Attorney Daly did not provide adequate representation in a criminal proceeding and that he charged you an excessive fee.

With regard to your claim of ineffective assistance of counsel, please be advised such claims should be raised in the first instance in court by an appeal or by post conviction proceeding pursuant to the provision of Rule 30 of the Massachusetts Rules of Criminal Procedure. If you wish to pursue these claims in court, we suggest that you consult with another lawyer. If you cannot afford counsel to represent you in the Rule 30 motion, you should also file a motion for the assistance of counsel.

Similarly, fee disputes are not generally within the jurisdiction of this office. If you wish to pursue the matter of Attorney Daly's fees, you might contact the Massachusetts Bar Association Fee Arbitration Board, 20 West Street, Boston, MA 02111, telephone number (617) 338-0552.

Accordingly, I have made a preliminary determination that this matter should be closed, but I will take no final action until I have received your comments. If no response is received from you within ten days of the date of this letter, I shall assume that this letter is satisfactory.

Thank you for your cooperation.

Very truly yours,

Ellen M. Meagher
Assistant Bar Counsel

EMM/ss
Enclosure

# HARVARD PRISON LEGAL ASSISTANCE PROJECT
## HARVARD LAW SCHOOL

(617) 495-3127
COLLECT

#3

AUSTIN HALL
CAMBRIDGE, MASSACHUSETTS 02138

August 6, 2002

Leonardo Zuluaga Martinez
#9057212
4250 Federal Drive
Batavia, NY 14020

Dear Mr. Zuluaga Martinez:

The Prison Legal Assistance Project (PLAP) is a student organization of the Harvard Law School. Law students represent inmates at disciplinary hearings, parole revocation/rescission hearings, 15-year parole hearings and DDU hearings. Occasionally, students try to provide other types of assistance to prison-related issues, however, because our staff is so small and because we rely solely on student volunteers, we cannot handle every request we receive.

We would like to refer you to the following for assistance:

See attached

Sincerely,

Harvard Prison Legal Assistance Project

Enclosures: Your Court papers (3 pages)(1 page)
Post Conviction Manual

#4

# BUFFALO FEDERAL DETENTION FACILITY
# BATAVIA, NEW YORK 14020
## DETAINEE REQUEST TO FACILITY EMPLOYEE

DATE: 4-21-04     To: Recreation Special Officer

**REQUEST:** Briefly state your request or problem for which you need assistance. (Give details).

Sir, You are in charge of the Law Library. Could you please provide me with all legal material or Nicaraguan Criminal Law. Unfortunately there is no available material in such law at B.F.D. Law Library. Thank you. Your help and cooperation!

DETAINEE NAME: Martinez Summy    UNIT: D-1    ID#: 90-57-21-72

**OFFICER'S DISPOSITION:**                    DATE: 4-21-04

foward

                                              Officer's Signature: Hartman

**SUPERVISOR'S DISPOSITION:**                 DATE: 4/21/04
(IF NECESSARY)
DENIED

                                              Supervisor's Signature: Shea

Rev. 8/00

UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on respondent on April 28, 2004 by depositing in an official designated for that purpose at the B.F.D.F. and delivery by first class mail, postage prepaid, to:

Thomas F. Reilly- Attorney General
Criminal Bureau
One Ashburton Place
Boston, Ma 02108

Very truly yours

Leonardo Zuluaga M.