UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**LEONARDO ZULUAGA MARTINEZ**
Petitioner

v.

**COMMONWEALTH OF MASSACHUSETTS**
Respondent

## PETITION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Leonardo Zuluaga Martinez, petitioner / appellant [pro-sé], in accordance with 28 U.S.C. § 2253, and all related laws and pertinent Local Rules governing such actions, respectfully petitions this Court for certificate of appealability from the denial entered by this Court on January 10, 2005 on Petitioner motion to reconsider under Fed. R. Civ. P. 60 requesting relief from the judgment dated April 2, 2004 by this Court dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The reason of this petition is:

On March 04, 2004, the U.S. Court of Appeals for the First Circuit considered characterize petitioner's Coran Nobis as a petition for writ of habeas corpus pursuant 28 U.S.C. §2254, determined that petitioner would be time-barred under 28 U.S.C. §2244(d)(1) & (2). Then Petitioner have a petition for writ of habeas corpus under §2254 pending before this Court, however it was dismissed on April 2, 2004 as untimely because the First Circuit's determination. However, nor the First Circuit neither this Court have the opportunity to scrutiny that petitioner § 2254 should be no time-barred.

Therefore, Petitioner filed to this Court a motion to reconsider pursuant Fed. R. Civ. P. 60 requesting relief from the judgment rendered by this Court on April 2, 2004, dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as untimely, and in good faith it raised the judicial reasons why his petition should not be barred under rule 28 U.S.C. § 2244 (d)(1)&(2) due to the facts that his delay is excusable under the terms of 28 U.S.C. §2244 (d) (1)(B) & (D), because, after petitioner's conviction, it have confronted "Extraordinary Circumstances" beyond his control

1

that have prevented him from promptly filing. See _Delaney v. Matesanz_, 264 F.3d 7, 14(1st Cir.2001), _Lattimore v. Dubois_, 311 F.3d 46, 559 (1st Cir. 2002). As well Petitioner did not become aware that his conviction was unlawful until the one year status limitation under AEDPA had expired see _Brackett v. U.S._ 270F.3d at 70 (1st Cir.2001). Candelaria v. U.S. 247 F.Supp.2d 125, 2003 WL 751416 (D.R.I., 2003.)

However on January 10, 2005, this Court dismissed petitioner motion to reconsider, without made an opinion, why the "Extraordinary Circumstances" confronted by Petitioner beyond his control, after his conviction not meet the standard to prevent that his petition should be no time-barred. Therefore petitioner respectfully summons this Courts' attention to the fact that there are issues not readily or superficially discernable on the face of the record that requires the exacting scrutiny of this Court.

Accordingly in the interest of justice for the reason herein before set forth, petitioner should be allowed from pursuing his appeal, allowing him, to have his day in Court, and in so doing remedy some of the injustices imposed on petitioner state criminal proceedings.

**WHEREFORE**, the petitioner respectfully prays, that based on the fact issues and questions of law presented herein, this Court will grant petitioner's petition for certificate of appealability, thereby allowing him to be fully heard respecting his claims. And further grant any other such relief as this Court may deem just, proper and equitable.

Dated March 11, 2005                                Respectfully submitted

                                                    _Leonardo Zuluaga M_
                                                    Leonardo Zuluaga Martinez, Pro se

2